I<small>N THE</small> U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> C<small>OURT</small>
<small>FOR THE</small> D<small>ISTRICT OF</small> N<small>EW</small> M<small>EXICO</small>

_____

**HONORABLE KEESHA-MARIA ASHANTI,**

       Plaintiff,

v.                                                                    No. CIV 01-513 BB/DJS

**SUPREME COURT OF NEW MEXICO and the JUDICIAL PERFORMANCE EVALUATION COMMISSION,**

       Defendants.

<u>M<small>EMORANDUM</small> O<small>PINION</small></u>
<u><small>AND</small></u>
<u>O<small>RDER OF</small> D<small>ISMISSAL</small></u>

**THIS MATTER** is before the Court on Plaintiff's Request for a Temporary Restraining Order and Defendants' Motion to Dismiss. The Court having reviewed all briefs and entertained oral argument on May 24, 2001, is fully advised and finds it is without jurisdiction in this matter, and Defendants' motion will therefore be Granted and Plaintiff's motion will be Denied.

    *Facts*

Plaintiff, the Honorable Keesha-Maria Ashanti, is an elected Judge of the Bernalillo County Metropolitan Court. The Supreme Court of New Mexico was created by the Constitution of the State of New Mexico and given "superintending control over

all inferior courts." Art. VI § 3. The Judicial Performance Evaluation Commission ["JPEC"] is a body created by the New Mexico Supreme Court and directed to take certain actions for the stated purpose of improving the performance of the New Mexico judiciary.

The JPEC scheduled two interviews with Plaintiff as part of her interim evaluation as a metro judge standing for retention in 2002. Plaintiff failed or refused to take part in either scheduled interview. The ground for her refusal was her unwillingness to appear without counsel. The JPEC then sought a Writ of Superintending Control from the Supreme Court directing Plaintiff to appear and participate in the interview. Plaintiff responded to the Peremptory Writ of Superintending Control. A Writ of Superintending Control was issued by the New Mexico Supreme Court on December 20, 2000. Plaintiff moved the Writ be vacated but the motion was denied. Plaintiff failed to abide by the directives of the New Mexico Supreme Court and the Supreme Court issued an Order to Show Cause. Plaintiff filed a written response explaining why she should not be held in contempt for violating the Writ of Superintending Control issued by the New Mexico Supreme Court.

On April 4, 2001, the Supreme Court issued Plaintiff an Order of Contempt for "refusing or failing to comply with the Writ of Superintending Control issued December 20, 2000." Plaintiff now seeks the jurisdiction of this Court to enjoin the contempt order cited above.

*Discussion*

In *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), the Supreme Court made it clear that "the United States District Court is without authority to review final determinations of the District of Columbia Court of Appeals in judicial proceedings." *Id.* at 476.  Review of a state court decision is reserved for the United States Supreme Court.  *Id*.

Although Plaintiff alleges a constitutional claim based generally on the right to have an attorney, at her judicial evaluation the challenge is "inextricably intertwined" with the New Mexico Supreme Court's order that first required Plaintiff to participate in the proceedings and culminated in her contempt for failing to appear at the interviews.  *See Razatos v. Colorado Supreme Court*, 746 F.2d 1429, 1432 (10th Cir. 1984); *Bell v. Legal Advertising Comm.*, 998 F. Supp. 1231 (D.N.M. 1998).  In order to resolve the issue brought to this Court by Plaintiff, the Court would have to review the judicial evaluation rule, the Writ of Superintending Control followed by the Order to Show Cause, and the resulting Judgment of Contempt.  These are all part of the same state legal proceeding and *Feldman* dictates this Court is without jurisdiction to review rulings of the State's highest court.

In her response, Plaintiff's counsel argues that while the Supreme Court's directives sound legal, they are actually "administrative," saying:

> The mere request for Superintending Control implies that
> the relief sought was administrative and/or ministerial in

3

> nature. It was a request of the New Mexico Supreme Court that it direct Plaintiff to take certain action in the future. It is certainly arguable that to the extent that the New Mexico Supreme Court in its issuance of the Writ of Superintending Control and the contempt citation founded upon that Writ was engaging in rule making. Rule making does not come within pleadings which are judicial in nature.

Plaintiff's Resp. Brief at 3.

Plaintiff's argument lacks support in New Mexico or federal law. While the Tenth Circuit has recognized the power of superintending control gives the New Mexico Supreme Court the ultimate authority over administrative matters, *Russillo v. Scarborough*, 935 F.2d 1167 (10th Cir. 1991),[1] it does not follow that every Writ of Superintending Control is administrative and therefore may be reviewed by the United States District Court for constitutional infirmity. The Writ of Superintending Control gives the Supreme Court the power to oversee the judicial process and maintain the integrity of, and public confidence in, the judiciary. *Russillo* at 1174; 1973 N.M. Op. Atty. Gen. No. 73-3. Plaintiff was cited for contempt when she failed to comply with the Supreme Court's order. The power to impose contempt sanctions is clearly judicial. *See United States v. Providence Journal Co.*, 485 U.S. 693, 701 (1988).[2]

---

[1] In *Russillo*, the Tenth Circuit affirmed a summary judgment finding the Chief Justice of the New Mexico Supreme Court acted constitutionally when he ordered the Metro Court to fire its administrator.

[2] Contempt involves a judicial function and therefore is entitled to absolute immunity. *Society of Separationists, Inc. v. Herman*, 939 F.2d 1207 (5th Cir. 1991), *aff'd en banc*, 959 F.2d 1283 (5th Cir.), *cert. denied*, 506 U.S. 866 (1992); *Crooks v. Maynard*, 913 F.2d 699 (9th Cir. 1990).

**Even if this Court had jurisdiction, a federal district court should be extremely reluctant to transgress the structure of federalism created by the Constitution and impose its view of Due Process on the state court.  "[T]he salient fact is that federal-court interference with the State's contempt process is 'an offense to the State's interests.'"** *Juidice v. Vail***, 430 U.S. 327, 335-6 (1977) (quoting** *Huffman v. Pursue, Ltd.***, 420 U.S. 592, 604 (1975)).  When faced with a similar factual situation, the Third Circuit held the district court should have abstained under the** *Younger* **doctrine.[3]** *Coruzzi v. State of New Jersey***, 705 F.2d 688, 691 (3d Cir. 1983).  Relying on Supreme Court precedent, the Circuit opined:**

> **In** *Middlesex County***, the United States Supreme Court held that New Jersey "has an extremely important interest in maintaining and assuring the professional conduct of the attorneys it licenses."  Surely New Jersey's interests in assuring the ethical conduct of its judges and in maintaining the integrity of its judiciary are no less significant.  Yet, granting the injunction requested by Coruzzi would substantially interfere with the state's pursuit of these interests via a removal proceeding accompanied by a suspension without pay, by preempting the adjudication of a claim which could have been raised in that proceeding.**

---

[3]  *Younger v. Harris*, 401 U.S. 37 (1971), recognized federal district courts should abstain from exercising what jurisdiction they might possess over constitutional issues if there is a possibility such claims could be advanced in an ongoing state judicial proceeding.  *See also Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982).

**705 F.2d at 691 (citation omitted). Even if civil contempt was not an ongoing judicial proceeding, then, this Court would abstain on *Younger* grounds.**[4]

**O R D E R**

**For the above stated reasons, the Court finds it is without jurisdiction and the Complaint is dismissed.**

**Dated at Albuquerque this 11th day of June, 2001.**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
**BRUCE D. BLACK**
**United States District Judge**

**Counsel for Plaintiff:**
　**J. E. Casados, Gallagher Casados & Mann, Albuquerque, NM**

**Counsel for Defendant:**
　**Bennett S. Cohn, Assistant Attorney General, Santa Fe, NM**

---

[4] Plaintiff makes no showing the New Mexico Supreme Court denied her the right to raise any constitutional claims in response to the show cause order or in her motion to vacate.